[ *264 ]    *HOPKINS *vs.* CABREY.

On a defendant, in a *justice's court,* making affidavit that the justice before whom the proceedings are had is a *material witness* for him, and that the facts he relies upon cannot be shown by any other witness, the suit must be discontinued. The justice cannot refuse to enter judgment of discontinuance on the ground that he *knows nothing material* between the parties, and has *no recollection* of the facts which the defendant affirms he expects to prove by him.

ERROR from the Dutchess C. P. Hopkins sued Cabrey in a justice's court on the 4th of May, 1838, for money had and received to the plaintiff's use, viz. the surplus money remaining in the defendant's hands as a school district collector, after retaining sufficient of the proceeds of a sale of the plaintiff's property to satisfy a school tax. After the plaintiff had declared,

and before plea, in order to make out a case for judgment of *discontinuance*, the defendant made an affidavit that the justice before whom the suit was prosecuted was a material witness for his defence ; which being held insufficient, the defendant made a further affidavit, setting forth the facts which he expected to prove by the justice, viz. that before the commencement of this suit, the plaintiff sued the defendant before the said justice for the same identical property for which he now claims the surplus money ; and that judgment was passed on the same, and entered in favor of the defendant against the plaintiff for costs ; and also, that the plaintiff acknowledged in the presence of the justice, that the defendant had tendered to him the overplus money before the commencement of the former suit, and that he had no claim for surplus monies, and that the defendant did not know of any other person by whom he could prove those facts. Thereupon the justice ruled as follows : " I am not satisfied that I am or can be a material witness in behalf of the defendant in this cause, for I know nothing material between the said parties, except what is contained in the *record* of the former trial between these parties before me, which this defendant can at all times avail himself of upon the trial of this cause ; and further, *I have no recollection of ever having heard the plaintiff admit     [ *265 ] that the defendant had tendered him the overplus money as mentioned in the affidavit."

The defendant then pleaded, and the justice rendered judgment for the plaintiff. The judgment was reversed by the common pleas upon certiorari, on the ground that the justice ought to have rendered judgment of discontinuance. The plaintiff brought error to this court.

*S. Barculo*, for the plaintiff in error.

*C. W. Swift*, for the defendant in error.

*By the Court*, COWEN, J. The affidavit was clearly sufficient within the statute. *Statutes of* 1838, *ch.* 243, § 1, *p.* 232. It may not have been so in respect to the former suit, but was as to the tender and admission. It is no answer that a *tender* was not pleaded. The omission may have been for the very reason that the testimony of the magistrate was gone.

Again : the justice had no right to interpose his private knowledge or recollection as an answer to the affidavit. Doing so would enable a justice to defeat the application, and at the same time to put the point beyond the reach of review, even on the facts which he may assume to know or to have forgotten. Here it is true he states them, but not under his oath as a witness. That the defendant has a right to require.

Again : his specification was not satisfactory. He had no right to as-

sume that the docket and other written proceedings would have been proof as full to the purpose as if accompanied with his oath. Oral proof is often necessary to show what was in fact heard and submitted under an issue which has been tried, in order to give it the desired effect upon a subsequent trial of the same matter. His want of recollection might also have been remedied by a recurrence to circumstances in the course of his examination as a witness. I think the judgment of the common pleas should be affirmed.

Judgment affirmed.