By the Court. Mason, J.
This motion is founded upon the. one hundred and eleventh section of the amended code, which declares that “ every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113,” and the question presented is, whether the defendants are entitled, after verdict and judgment, to have the whole case opened, for the purpose of introducing, by way of defence, the fact not previously discovered, that the plaintiffs made the contract on which the suit is brought, as agents or factors of the Messrs. Barings.
This is nothing more than a statutory enactment of the rule respecting parties which has always prevailed in courts of equity. Adopted by those courts on grounds of public policy and convenience, they will never suffer it to be so applied as to defeat the ends of justice, and therefore it has received numerous qualifications and exceptions. Some of these have been incorporated in the subsequent sections of the code. Although from its being placed on the statute book, it cannot be so easily moulded as before to suit paiticular cases, yet we are bound in its application to adopt, as far as practicable, those principles which the courts have found to be best suited to advance the ends of justice. Ordinarily the objection of want of necessary parties, is taken ad *708 Vantage of in courts of equity by plea or demurrer, or upon the hearing. If the absence of necessary parties should not be discovered until after decree enrolled, the only way of presenting the fact to the court, was by bill of review ; but it rested solely an the discretion of the court to allow such bill to be filed; and permission would therefore be refused,- although the facts it admitted, would change the decree,- where the court, looking to all the circumstances, should deem it unadvisable. (Story's Eq. Pl. 417.)
Notwithstanding the statute, we think the court is now at liberty to look into the circumstances of the case, and exercise its discretion in granting or refusing a motion which is analogous to a motion for leave to file a bill of review. If it were made to appear that the plaintiffs had no right to the receipt of the1 monies recovered by the judgment, and no title whatever to be parties to the suit, and that fact should not be discovered till after judgment, I should conceive it to be the duty of the court to interfere by opening the judgment, and to allow this fact to be put in issue.But that is not this case. In the first place, the plaintiffs are proper, if not necessary parties to this suit. The contract was made by them in their own names, the corn was purchased and shipped by them, and they were personally liable for the freight. Had a suit in chancery been brought on this contract,a careful pleader would have joined them with the Barings, or the true owners, as plaintiffs, and would hardly have considered the suit complete without them. (Calvert on Parties, 218, 229.) But there is nothing in the code to prohibit them from being parties to the suit, although they be agents. All that the code requires is that the real parties in interest should be before the court. The statute was intended, as we have intimated, not to establish an entirely new rule, but to apply the old chancery rule to all cases. (See remarks of the commissioners to Title III of the Code of 1848, p, 124.)
In the next place, admitting the plaintiffs to be the mere factors of the Barings, yet they have, by the terms of the contract, the right to receive the monies payable under it. The defendants would not only be safe in paying them, but bound to do so1 until actual notice from the principals not to pay.- The know *709 ledge of the fact that the plaintiffs are agents of the Barings, does not in any manner affect the obligations of the defendants to pay them.
Suppose then this application were granted, and the answer of the defendants amended, the present plaintiffs would still be proper parties, and the only effect of the amendment would be to compel the Barings to be brought in as plaintiffs. But the right of the present plaintiffs to receive the moneys recovered, and to discharge the claim, would still remain the same. It is manifest, then, that by the judgment as it now stands, no substantial rights have been violated, and that no protection would be secured to the defendants. The whole question resolves itself into a matter of mere form ; and the granting the motion would be to allow form to over-ride and control the justice of the case.
I am of opinion, therefore, that at this stage of the suit, it is not imperative on the court to allow this application, but that it is a matter resting in discretion, and that in the exercise of a sound discretion it ought not to be granted. The only effect of granting it would be to delay the rightful owners of the money from its speedy collection, and to afford to the defendants a new trial, when they cannot attain it in any other way.
The preceding observations have been based on the idea that the Barings ought by force of the 111th section to have been made parties to the suit. That section, however, excepts from its operation the cases enumerated in section 143, which reads as follows : “ An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the suit is prosecuted.”
It has been generally supposed that the words1£ express trust” in this section, refer to trusts of land authorized by the revised statutes, and which are in the statutes themselves termed “ express trusts,” and to them alone. It is not necessary, however, to give to the words this restricted meaning. They are capable of a more extensive signification, so as to include all contracts in which one person acts in trust for or in behalf of another. Of this kind are contracts made by factors, and other mercantile *710 agents, who act in their own names, but for the benefit of and without disclosing their principals. So complicated and so extensively ramified are mercantile transactions, that it is frequently impossible to tell who are the real parties in interest. The parties who execute an order, or make a contract in pursuance of instructions from their correspondent, may be themselves entirely ignorant of the names or residence of the real principals. In the case before us, Messrs. Baring Brothers, although they gave the order to the plaintiffs in their own names, may themselves have been the agents of some house in Sligo, from whom they received their instructions, and that house may have acted under the directions of several dealers there .who may have united in the purchase of the cargo. Now, if the verdict and judgment of the court on the merits is to be set aside, and the whole controversy opened, whenever the discovery shall be made that some person has an interest in the recovery who was not a party to the suit, it will be extremely difficult hereafter to hold a judgment upon a mercantile contract. If the defence now proposed were to be allowed, and the Barings made parties to the suit, it might turn out after a second trial, verdict and judgment, that the house in Sligo was interested, and by the same rule the judgment must be opened again.
It is, therefore, the duty of the court to apply the words 11 trustees of an express trust,” to cases like the present, if it can be done without violence to language ; and we think it can. Mercantile agents and factors who, according to the usage and custom of merchants, do business in their own names, but for other Parties, are trustees in the strict sense of the term. They are so m fact, and they have always been held liable as such, to account in a court of equity. The trust, though not created by a formal deed or instrument, yet appears upon the face of every order contained in the correspondence of their principals, in pursuance of which they act, and may therefore well enough be called an “ express trust.”
We know, too, that in the code words are not always used in the strict technical sense, but in such a sense as would be apparent to persons unskilled in legal phraseology. There is, moreover, high authority for the construction we have given to the *711 words in question. In the code submitted to the legislature at their last session, but not acted upon, sections 597 and 598 correspond to sections 111 and 113 of the present amended cede, and are proposed to be re-enacted in the same terms, but with this addition to section 599, “ a person with whom or in whose name a contract is made for the benefit of another, is a trustee of an express trust within the meaning of this section.” The commissioners add a note as follows: “ Amended Code, § 113. The last sentence is added to remove a doubt which has been expressed.”
The construction put on this section is, then, the construction of the commissioners, who seem to have anticipated the very question raised in this case. If I am correct in this view, the plaintiffs were the proper and the only proper persons to bring this action, and the defence of want of parties, even if allowed to be interposed, would be unavailing. On this latter point I have consulted with two of my associates, Judges Duer and Campbell, and am authorized by them to say that they concur in this interpretation of the words “ trustee of an express trust,” in the 113th section.
In any view of the case, therefore, this motion ought not to be granted, and it is denied with costs.