In this case, there is no doubt of the justice of the judgment of the supreme court, nor of its being a full protection to the appellant against a second claim for the same demand, and it ought not to be reversed, unless some well-established principle of law has been violated.
The beneficial interest in the demand, for which the judgment was rendered, belongs to one E.M. Poor; and the question is, whether the respondent has such a title, and stands in such a relation to the beneficial owner, as to authorize a judgment in his favor.
The respondent having the legal title to the interest in the note of the Hulls, on which the appellant received the money, and upon receiving which arose the implied assumpsit to pay, the question is, whether this assumpsit may not be held to have arisen in favor of the holder of the legal title, although he holds it as attorney and trustee for the beneficial owner. There is no doubt that on the receipt of the money, a right of action arose against the appellant in favor of the respondent, or of E.M. Poor. The money did not belong to the appellant, and the respondent was the legal, and E.M. Poor the beneficial, owner of it. (Seaman v. Whitney, 24 Wend., 263, and cases therecited.)
When an express contract is made with an agent by a third person, the agent may maintain an action upon it, though he may be known to act as agent; and though his principal may, or may not, be entitled to a like action on the same contract. This is a well-settled proposition. (Story on Agency, § 393, and casesthere cited; Paley on Agency by Lloyd, ch. 4.) The fact that the legal title to the money in question is held by the respondent as agent, would seem, therefore, to furnish no obstacle to his recovery; and why should it? For, if the real owner is also entitled to an action, the present recovery would certainly be a good bar to it, as the respondent is clearly acting within the scope of his authority, *Page 276 
in prosecuting this suit and collecting the money for his principal.
The implied promise which the law raises is always auxiliary to the title, and is only a legal mode of enforcing it. Chief Justice BRONSON, in delivering the opinion of the supreme court in Norton v. Coons (3 Denio, 134), states the principle correctly. He says: "Where there is a legal right to demand a sum of money, and there is no other remedy, the law will, for all the purposes of a remedy, imply a promise of payment. (See, also,Chitty on Cont., 609.)
On the whole, the recovery in this case does not appear to me to have violated any rule of law, but on the contrary, to be in accordance with well-established principles.
The counsel for the appellant referred to the case of Gunn v.Cantine (10 John., 387) as precisely in point. But the difference between that case and this is very great. Here the appellant has the legal title: there the attorney in fact had not; he merely handed the security of his principal over to Cantine to collect.
Judgment affirmed.