## CHENANGO COUNTY COURT.

GEORGE DAVIS, appellant, agt. PETER REYNOLDS, respondent.

*Trustee of an express trust — what constitutes it.*

An agent of a mowing machine company, who contracts and sells mowing
machines for the company, is a "trustee of an express' trust," and may
sue on the contract in his own name.

THIS was an action tried before Hiram Briggs, Esq., a
justice of the peace of the town of Sherburne, Chenango
county.

The plaintiff in his complaint alleged that, on the 1st day
of July, 1869, at the request of the defendant, he sold and
delivered to the defendant one mowing machine at the agreed
price of sixty-five dollars; that, in consideration of such sale
and delivery, the defendant promised to pay the plaintiff the
said sum of sixty-five dollars by the 1st day of September,
1869; that plaintiff had frequently demanded payment of
defendant, and defendant had neglected and refused to pay
the same and demanded judgment for sixty-five dollars and
interest thereon from July 1st, 1869.

Defendant denied each allegation in the complaint, except
as afterward admitted.

Defendant admitted that he purchased a mowing machine
of the plaintiff during the season of 1869, and promised to
pay therefor the sum of sixty dollars as soon as he, said
defendant, could make a turn of his produce in the fall, with-
out interest. Defendant further alleged that the plaintiff
warranted the machine, at the time of the purchase, to be a
good, first-class machine and had no faults or defects and
would work well, and that, if it was not as represented,

Davis agt. Reynolds.

he would take it back; that, relying upon said warranty, he purchased said machine. The defendant then alleged that said machine was an imperfect, badly-constructed machine, and did not answer the purpose for which it was constructed, and that the same was worthless and claimed damages in the sum of fifty-five dollars. On the trial the plaintiff was sworn as a witness in his own behalf, and testified that he sold defendant a Wood Mowing Machine, manufactured at Ilion, for the sum of sixty dollars; that he sold it in his own name, and the defendant promised to pay him for the machine. On his cross-examination, the plaintiff testified that he was the agent of the Remington Agricultural Company and had been for the last fifteen years, and sold mowing machines for the company on commission; that there was no agreement between himself and the company by which he guaranteed the sales of the machines; that he sold the machines, collected the money and paid the same to the company, after deducting his commissions. He further testified that he sold the machine in question to the defendant as the agent of the company; that he acted as the agent of the company in the sale of the machine, but did not disclose his agency to the defendant, but made the contract in his own name.

At the close of plaintiff's evidence the defendant moved for a nonsuit on the following grounds: 1st. That the plaintiff is shown not to be the party in interest; 2d. That the Remington Agricultural Company is shown to be the party in interest; 3d. That an agent cannot sue in his own name to recover the debt of his principal. The justice granted the motion to nonsuit the plaintiff, and rendered judgment against the plaintiff for $8.10 costs, February 1, 1870. From this judgment the plaintiff appealed to this court.

*D. L. Atkyns*, attorney for appellant.

*Newton & Tillson*, attorneys for respondent.

H. G. PRINDLE, *Co. J.* — The principal question arises upon the nonsuit granted by the justice. The attorney for the appellant claims that the plaintiff was a trustee of an express trust within section 113 of the Code, and that the suit was properly brought in his own name. The Code provides that " every action must be prosecuted in the name of the real party in interest," except that " an executor or administrator, a trustee of an express trust or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted " (*Code*, §§ 111, 113); and it is declared that " a trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another " (§ 113).

Did the plaintiff make this contract in his own name for the benefit of the Remington Agricultural Company, within the meaning of this section of the Code? If he did, the justice erred in granting the nonsuit. It is plain that the plaintiff was not the real party in interest; still he may sue, in his own name, if he is a trustee of an express trust within the meaning of that term in section 113 of the Code. Is he a person with whom, or in whose name, a contract is made for the benefit of another? As such he would be authorized to sue the defendant in his own name, notwithstanding the beneficial interest was in the Remington Agricultural Company. The contract was made with the plaintiff in his own name and the defendant promised to pay him for the machine, and the plaintiff was authorized to receive payment and grant a discharge to the defendant of the claim.

In *Griswold* agt. *Schmidt* (2 *Sandf.*, 706) it was held that " a factor or mercantile agent who contracts in his own name, on behalf of his principal, *is a trustee of an express trust* within the meaning of section 113 of the Code, and is a proper party to bring an action upon the contract." The court, on page 709, says: " It has been generally supposed that the words ' *express trusts*,' in this section, refer to trusts

Davis agt. Reynolds.

of land authorized by the Revised Statutes, and which are in the statutes themselves termed 'express trusts,' and to them alone. It is not necessary, however, to give to the words this restricted meaning. They are capable of a more extensive signification, so as to include all contracts in which one person acts in trust for or in behalf of another. Of this kind are contracts made by factors, and other mercantile agents, who act in their own names, but for the benefit of, and without disclosing, their principals." This decision was made in 1850, and previous to the amendment of the Code. Since then section 113 of the Code has been amended by declaring that " a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another," thus giving, in express terms, the same construction to the term " a trustee of an express trust," as had been given by the superior court in the above case. "A factor is an agent employed to sell goods or merchandise consigned or delivered to him by or for his principal, for a compensation commonly called factorage or commission " (*Bouvier's Law Dictionary*). A factor has a right to sell the goods in his own name, and when untrammeled by instructions he may sell them at such times and for such prices as in the exercise of a just discretion he may think best for his employer. He is for many purposes, between himself and third persons, to be considered as the owner of the goods. He may, therefore, recover the price of goods sold by him in his own name, and consequently he may receive payment and give receipts and discharge the debtor, unless notice has been given by the principal to the debtor not to pay. He has a lien on the goods for his advances and commissions. I am inclined to the opinion that the plaintiff in this action must be considered as a factor, and if he was such, the case of *Griswold* agt. *Schmidt* (*supra*) would be authority for bringing the suit in his own name. The above case was cited in *Brown*

agt. *Cherry* (56 *Barb.*, 685) and approved, and it has been also cited with approval in other cases.

It has been held that a mere agent who contracts in his own name, and without disclosing the name of his principal, is *a trustee of an express trust*, and may maintain an action upon the contract in his own name without joining his principal, or the principal may sue upon the contract (*Morgan agt. Reid, 7 Abb. Pr. Rep.*, 215; *The Union India Rubber Co.* agt. *Tomlinson*, 1 *E. D. Smith*, 380).

In *Bogart* agt. *O'Reyan* (1 *E. D. Smith*, 590) it was decided that "an auctioneer, who, in his own name, sells goods for a third person, is a trustee of an express trust, within the meaning of section 113 of the Code, and may sue upon the contract of sale without an assignment to him of the cause of action."

In *Minturn* agt. *Main* (3 *Selden*, 220) it was decided that a public auctioneer who sells goods for another may maintain an action for the price, although he has received his advances and commissions, and has no interest in the property or its proceeds.

In *Brown* agt. *Cherry* (56 *Barb.*, 635, *and* 38 *How.*, 352) the doctrine established by the cases above cited is distinctly approved and reiterated.

In order to constitute a trust in respect to money or personal estate, no formal or written agreement is necessary (*Day* agt. *Roth*, 18 *N. Y.*, 444).

The question involved in this case would not have been changed if the contract of sale had been reduced to writing and signed by the parties; the plaintiff's character as trustee of an expressed trust, under section 113 of the Code, would not be different, nor his right to sue have been in any way affected by such written contract.

In *Considerant* agt. *Brisbane* (22 *N. Y. Rep.*, 389) the plaintiff was the executive agent of a foreign corporation, and authorized to receive subscriptions to its capital stock; the defendant subscribed for and received stock of the com-

pany from the plaintiff, to the amount of $10,000, and he executed two promissory notes and delivered them to the plaintiff, by each of which he promised to pay to *him*, " as executive agent of the company," the sum of $5,000. The plaintiff sued upon the notes in the superior court of New York, and in the complaint the notes were set forth at length. The defendant demurred to the complaint, assigning as the ground that it did not state facts sufficient to constitute a cause of action. The superior court, at general term, sus-tained the demurrer, on the ground that the action could not be maintained by the plaintiff; WOODRUFF, J., writing the opinion. The plaintiff appealed, and the court of appeals reversed the judgment, and held that the plaintiff was a trus-tee of an express trust within section 113 of the Code, and had a right as such to bring a suit in his own name on the notes. WRIGHT, J., in delivering the prevailing opinion of the court (*on p.* 394, *&c.*), says : "Prior to the Code, I am of the opinion that the plaintiff might have maintained an action on the express contracts, set out in the complaint, for the benefit of his principals, having a legal interest therein by way of trust. The promise being to him, in writing, for the benefit of another, he would have been deemed the party with whom, or in whose name, the contracts were made, and in whose name alone the promise could be enforced in a court of law. · The Code, however, abrogated the common-law rule that the right of action followed the legal title, and made the beneficial interest the sole test of the right. In adopting the latter rule, it was easily to be seen that there was a class of cases in which it would be extremely prejudicial to the remedy, as well as difficult of application, viz., the case of executors, persons authorized by statute to sue, and trustees of an express trust. To obviate this it was specially pro-vided that, in these cases, the executory or statutory party, or trustee of an express trust, might sue without joining with him the person for whose benefit the action was prose-cuted (*Code*, § 113). The term 'trustee of an express trust'

had, however, acquired a technical and statutory meaning. Express trusts, at least up to the adoption of the Revised Statutes, were defined to be trusts created by the direct and positive acts of the parties, by some writing, or deed or will; and the Revised Statutes had abolished all express trusts, except as therein enumerated which related to land. If section 113 of the Code was to be confined and limited to those enumerated as express trusts, the practical inconvenience arising from making the beneficial interest the sole test of the right to sue, and which that section was intended to obviate, would continue to exist in a large class of formal and informal trusts. Accordingly, in 1851, the section was amended by adding the provision that a trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another. It is to be observed that there is no attempt to define the meaning of the term 'trustee of an express trust' in its general sense; but the statutory declaration is that these words 'shall be construed to *include* a person with whom, or in whose name, a *contract* is made for the benefit of another.' The counsel for the respondent insists, that the sole intention of the legislature, in amending the section, was to remove a doubt that has been expressed, whether a factor or other agent, who had at common law a right of action on a contract made for the benefit of his principal (by reason of his legal interest in the contract), was, by the Code, deprived of that right. But no such limited intention can be inferred from the words of the statute. Indeed, it is only by a liberal construction of the section that the case of a contract by a factor (an individual contract) can be brought within it at all. It is intended, manifestly, to embrace not only formal trusts, declared by deed *inter partes*, but all cases in which a person acting in behalf of a third party enters into a written express contract with another, either in his individual name, without description, or in his own name, expressly in trust for or in behalf

Davis agt. Reynolds.

of another, by whatever form of expression such trust may be declared. It includes not only a person with whom, but, one in whose name a contract is made for the benefit of another."

I think, upon these authorities, there can be but little question that the plaintiff was a trustee of an express trust within the meaning of section 113, as it now stands.

The counsel for the respondent contend that the plaintiff should have sued as trustee of an express trust, and alleged that fact in his complaint. No question was raised upon the trial in regard to the pleadings. The plaintiff was nonsuited on the ground that he was not the real party in interest, and I think it is now too late, upon this appeal, to raise a question in regard to the complaint which was not raised upon the trial. If the objection had been made before the justice the complaint, if defective, could have been amended, and a motion for a nonsuit denied, if that had been the only difficulty. The defendant treated the transaction throughout as a sale from the plaintiff directly to him, and admitted in his answer that he purchased the machine in question of the plaintiff, and sought to charge the plaintiff personally with a breach of warranty on the sale of the machine, and claimed a large amount of damages in his answer, resulting from a breach of such warranty; and there can be no question about the liability of the plaintiff, personally, to the defendant, if a breach of warranty had been proven on the trial.

My impressions on the argument of this appeal were strongly in favor of sustaining the decision of the justice in nonsuiting the plaintiff, but I have since thoroughly and carefully examined all the authorities bearing upon this question, and I am satisfied the justice was wrong in nonsuiting the plaintiff. I am clearly of the opinion that the plaintiff, within both letter and spirit of section 113 of the Code, was a trustee of an express trust, and was authorized to bring this suit, in his own name, to recover for the machine in question. I think it was the intention of the legislature, by this

Vol. XLVIII.     28

amendment to the Code, to authorize just this class of persons to sue, in their own names, for property sold by them as the agents of the various manufacturing companies in our own and other states of the union. There are numerous foreign companies and corporations engaged in various manufacturing enterprises, who consign their manufactured articles to agents residing in this state, for sale, who usually (although acting as agents) make contracts of sale in their own names, with the various parties with whom they deal; and to hold, in every such case, that the suit must be prosecuted in the name of the real party in interest, instead of the agent thus contracting, would entirely ignore this wise provision of the Code, and, instead of facilitating the collection of this class of indebtedness, would, unnecessarily, place obstructions in the way of their enforcement, without benefit resulting to either party.

The justice erred in nonsuiting the plaintiff, and the judgment must be reversed, with costs.