JOHN PICKERSGILL, AS COMMITTEE, ETC., OF CHARLES F. PICKERSGILL, A LUNATIC, AND ANOTHER, PLAINTIFFS, *v.* CASSIUS H. READ, IMPLEADED WITH THE SOCIETY OF THE NEW YORK HOSPITAL, DEFENDANTS.

*Practice — adverse party, under § 237 of the Code — Papers to limit right of appeal — strictly construed — Notice of appeal — service of not in time, when waived.*

An assignee of a portion of a mortgage who is made a party defendant in an action for the foreclosure thereof, who serves no answer on and makes no claim against a co-defendant, is not an adverse party within the meaning of section 237 of the Code, as to such defendant, so as to require a notice of appeal to be served on him. In order to become adverse, the party should have been made a co-plaintiff, or a refusal to allow himself to be joined as such should be alleged.

Papers which are to have the effect of limiting the right to appeal, should be strictly construed. Accordingly, notice of the entry of judgment, purporting to be the act of two parties (the plaintiff and one of the defendants) who have a joint interest, not signed by the attorney of the plaintiff, and having a blank space for his signature, and signed by one only of the attorneys of the defendant, who claims a substitution in place of both, but who did not serve notice of it, *held*, insufficient to limit the time to appeal.

An appearance at General Term and submitting points on the merits, although including a protest against the exercise of jurisdiction of the court, waives the right to object to the notice of appeal not having been sent in time.

MOTION to modify order of General Term denied at Special Term, and renewed at General Term on leave granted.

This action was brought to foreclose a mortgage in the sum of $40,000, dated June 1st, 1860, and executed by John Alfred Pickersgill to John Pickersgill, as committee of Charles F. Pickersgill, a lunatic.

John Pickersgill is the father of John Alfred Pickersgill and of Charles F. Pickersgill. John Alfred was the owner in fee of the mortgaged premises, and executed a power of attorney to his father to sell the property. By virtue of this power, the father conveyed the premises to Samuel A. Nolan, on the 23d day of February, 1864, and on the same day, as committee, he executed a release of the mortgage to the purchaser. The defendant Read subsequently became grantee of the premises in question, and this action was brought against him for a foreclosure of the mortgage and a sale of the premises.

The issues were referred to Henry Nicoll, Esq., who decided that the release of the mortgage was invalid for want of an order of court.

The judgment upon his report was reversed as to the defendant Read, at General Term, in May, 1875, the court holding that no order was necessary. (5 Hun, 170.)

It appeared by the affidavits and printed case, submitted on this motion:

1. That the hospital was made a party defendant in the action 'or foreclosure; that the answer in its behalf claimed the sum of $6,000 for the support of the lunatic; that an assignment of so much of the mortgage had been made as would satisfy the claim. It prayed judgment for the amount due, out of the proceeds of the sale of the mortgaged premises; and a decree was entered accordingly.

2. The attorney for the defendant Read then moved the court, at Special Term, that security be dispensed with on appeal from the decree. The hearing of the motion was postponed on several occasions, on the instance of counsel for the hospital, on account of illness, who had in the mean time returned the notice of appeal as having been served upon him too late. A further postponement was asked for by a messenger sent by him, for the same cause, and it was granted on written stipulation that it should be without prejudice to the appeal already served.

The counsel for the hospital claimed on this motion that the messenger had no authority to sign the stipulation for him, but only for the plaintiff, and that he argued the motion for leave to dispense with security, as counsel for the plaintiff merely.

3. It appeared that notice of the entry of the decree served on behalf of the hospital, purported to be a joint notice in behalf of the plaintiff and the hospital; that there was no signature of the plaintiff's attorney and of only one of the attorneys for the hospital.

The attorney for the hospital claimed that the firm had dissolved, and that he was substituted as attorney, but no notice of substitution was served on the attorney for the defendant Read.

4. It also appeared that the answer in behalf of the hospital made no claim as against the defendant Read, and no copy was served on his attorney.

5. It also appeared that the cause was argued at General Term by counsel for the plaintiff and of the defendant Read; and printed points were submitted in behalf of the hospital by its counsel, in which protest was made as against the exercise of jurisdiction by the court, on the ground that the notice of appeal was not served in time; and the points contained an elaborate argument for reversal on the questions of law.

The counsel for The Society of the New York Hospital, after the decision at General Term, moved the court, at Special Term, for leave to enforce so much of the judgment as was rendered in favor of the hospital, through a receiver who theretofore had been appointed, claiming that the notice of appeal was not served in time on the attorneys for the society.

This motion was denied on the ground that the hospital was not an adverse party in such a sense as rendered service of notice necessary, and on the further ground, that the judgment was wholly reversed as to the defendant Read. Leave was granted to renew the motion at General Term. The counsel for the hospital accordingly moved to modify the order of reversal so as to execute the decree in its behalf.

*James Emott* and *Albert Matthews*, for the New York Hospital, for the motion.

*George W. Cotterill*, for defendant Read, in opposition.

BARNARD, J.:

The plaintiff in this action sought to foreclose a mortgage given to him as committee, by his son John A. Pickersgill. In his complaint he made the New York hospital a party, averring the hospital had a claim subsequent to the mortgage. The mortgage covered certain lands owned by the defendant Read, which he claimed had been released from the operations of the same. The hospital by its answer claimed an assignment of so much of the proceeds of the sale, as would be sufficient to pay its claim against the plaintiff as committee. No copy of the answer of the hospital was served on Read's attorney. The issue was tried and the plaintiff obtained a decree enforcing the mortgage against the property of Read.

The referee was directed, out of the proceeds of the sale, to pay the hospital its claim. The defendant Read appealed to the General Term of this court, and served his notice of appeal on the plaintiff's attorney, and after argument the judgment was reversed upon the ground that Read's property was released from the lien of the mortgage, and a new trial was granted.

The hospital was not an adverse party under section 237 of the Code.

The plaintiff retained the legal title to the mortgage. (*Poor* v. *Guilford*, 10 N. Y., 273.) It is too late for the hospital to question this fact. If the hospital had an interest in the claim, it should have been made a co-plaintiff. If it refused to be a joint plaintiff, then on an averment of that fact it could have been made a defendant. In such case the joint interest should have been stated and the refusal to join also.

There are no such averments. The hospital permits the plaintiff to assert his title to the whole mortgage, and only asks that such a portion of the proceeds of the sale be paid to it, as will pay its claim. If the plaintiff fails to establish his right to a sale, the defendant's, the New York hospital's, claim to the proceeds of the sale, is inoperative and impossible of execution.

As to the validity of the mortgage, the only adverse parties under this issue were the plaintiff and Read. The New York hospital would have been bound by an adjudication that the mortgage was of no effect, made in an action between the plaintiff and Read, in which the hospital was not a party. It took nothing by its assignment, if plaintiff had no interest to convey, and a decree against the plaintiff would bind all who claim under the plaintiff.

The notice of the entry of the judgment given by one of the attorneys for the New York hospital, is insufficient to limit Read's right to appeal. It purports to have been prepared to be signed by the plaintiff's attorney and by the attorney for the New York hospital. It recites a judgment entered in favor of the plaintiff and the New York hospital. It is not signed by the plaintiff's attorney, and by only one of the defendant's attorneys. If he had been substituted, no notice was given either plaintiff or Read. Papers which are to have the effect to limit the right of appeal must be strictly construed. The hospital waived the defect, if there

was any. The case shows that the plaintiff's attorneys and the attorneys for the hospital acted together. Notice of appeal was duly served on plaintiff's attorney in due time. Notice of appeal served on the hospital had been returned. After this return the defendant Reed applied to the court at Special Term to fix the amount of security on appeal.

The plaintiff's attorney, by a Mr. Jackson, wished Mr. Mathews, one of defendant's (hospital's) attorneys to be present, and he was sick. Read consented to the postponement, upon the condition and stipulation in writing, that the hearing should stand over "without prejudice, and shall not be prejudiced by the fact that the notice of appeal was served prior to the hearing and determination thereof." To this stipulation Jackson signed the name of A. Mathews, attorney for New York hospital, and the names of the plaintiff's attorney. Mathews availed himself of the benefit of the stipulation, appeared and argued the motion. I think that Mathews' name was signed by his authority, as against the defendant Reed; the case shows that Mathews and the plaintiff's attorneys acted for each other. Mathews argued for plaintiff's attorneys, and they postponed for Mathews.

Finally, the defect, if any, was waived by the appearance and argument by the attorney for the New York hospital on the merits at the General Term. The New York hospital submitted an elaborate argument on the merits. This waiver was not weakened by an insertion of a clause in the argument by the counsel for the New York hospital, that he denied the service of the notice of appeal on the hospital. Read knew nothing of this; it was not mentioned on the argument. The court knew nothing of it until the argument was subsequently examined. No motion was made by the hospital to dismiss the appeal.

Motion denied, with ten dollars costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Motion to modify order of General Term denied, with costs and disbursements.