There is nothing uncertain, indefinite or conjectural in this.

The defendant made his bargain in unmistakable terms and he must stand by it.

Defendant's contention, that such a construction would make the contract unreasonable and place the defendant wholly at the mercy of the plaintiff, as held in Russell v. Allerton, 108 N. Y. 288, does not avail, because that rule is only applicable "where there is uncertainty or doubt as to the meaning of words or phrases used in a contract."

Judgment reversed and a new trial granted, with costs to the appellant to abide the event.

CONLAN and O'DWYER, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide the event.

---

THOMAS H. WALSH, Respondent, *v.* REINHART & Co., Appellant.

(City Court of New York, General Term, May, 1897.)

1. Parties — Sale.

An action upon a contract for the sale and erection of a gas engine and fixtures may be maintained by the party in whose name it was

made and who furnished the articles, notwithstanding a provision in the contract by which the engine was to remain the property of another until paid for in full.

2. Same — Trustee of express trust.

In such a case the plaintiff is, at least, a trustee of an express trust, and entitled to maintain the action as such.

APPEAL from judgment in favor of the plaintiff, entered upon a verdict, and from order denying motion for a new trial on the minutes.

J. C. Rosenbaum, for appellant.

Franklin Pierce, for respondent.

SCHUCHMAN, J.   This is an appeal from the judgment entered herein on the verdict of a jury, and from an order denying the defendant's motion for a new trial on the judge's minutes.

The complaint alleges that on the 11th day of March, 1895, the plaintiff, under the name of The New York Gas Engine Company, and the defendant entered into a written agreement whereby the plaintiff agreed to furnish and erect complete in the defendant's place of business in the city of New York one thirty-horse power Springfield gas engine, including the self-starting device, and a suitable brick foundation for engine, and all gas, water and exhaust piping necessary to complete the job, and to leave the engine in running order ready for the driving belt, for the sum of $1.085, to be paid by the defendant in full after sixty days from the completion of the contract.

That the defendant agreed to pay the sum of said $1,085 for said engine and construction.

That plaintiff performed all the conditions on his part to be performed by said contract and prays judgment for said sum.   Said written contract contains the following clause:

"It is also agreed and understood that the above thirty-horse power engine is to remain the property of the Springfield Gas Engine Company, until paid for in full and is not to be sold, mortgaged or removed without their entire consent and approval."

The defendant, in his answer, admits all the allegations of the complaint contained in the first, second and third paragraphs, and

denies those contained in the fourth and fifth paragraphs of the said complaint, and sets up an affirmative defense as follows:

First. A false representation on the part of the plaintiff that the engine would consume only seventeen cubic feet of gas per hour for each horse power, when in truth and in fact it consumed more than that amount.

Second. That the defendant was to have sixty days in which to make a test of the engine and see if it corresponded with the plaintiff's statements and warranties before acceptance.

Third. That the plaintiff is not a party in interest.

Fourth. A breach of the warranty that the engine was a thirty-horse power engine.

The issues thus raised were litigated upon the trial and were by the trial judge in his charge fairly and most favorably to the defendant submitted to the jury, who found a verdict in favor of the plaintiff.

The sole question on this appeal raised by the defendant and appellant in his points is " That the plaintiff is not the real party in interest," and at the close of the case he made a motion for a dismissal of the complaint on that ground, and the same being denied he excepted thereto.

The appellant maintains that said motion should have been granted, because the contract in itself contains the clause above mentioned, that the engine was and is to remain the property of the Springfield Gas Engine Company; that the said Springfield Gas Engine Company is the real party in interest, and that it alone had the legal capacity and right to sue on the contract in question.

Considering, however, that this contract was made by the plaintiff in his own name with the defendant, that the plaintiff furnished the gas engine and the construction in connection therewith, and performed all the conditions of the contract on his part to be performed, as found by the jury, and that the contract contains the clause that the said engine is to remain the property of the Springfield Gas Engine Company, the most that can be said is that the plaintiff is a trustee of an express trust, acting in behalf of a third party, and entered into a written express contract with the defendant, in his own name, in trust for or in behalf of another, and this includes a person not only with whom, but one in whose name a contract is made for the benefit of another, and in such cases the plaintiff has the legal capacity to sue and recover in his own name. Davis v. Reynolds, 48 How. Pr. 210; affirmed, 5 Hun, 651; Poor v. Guilford, 10 N. Y. 273.

The defendant's apprehension that the Springfield Gas Engine Company would also bring an action against the defendant on said contract and recover, and thus expose the defendant to a double liability on but one cause of action, is untenable, because the present recovery would certainly be a good bar to such action, as the respondent herein is clearly acting within the scope of his authority in prosecuting this suit and collecting the money for his principal. Poor v. Guilford, *supra*.

We would also like to call attention to the fact that the contract sued on is an entire one, and includes not only the furnishing of the engine alleged to be the property of the Springfield company, but also the construction, setting, etc., of the engine, which is contracted for by the plaintiff as and for his own account.

The contract is an indivisible one, and the plaintiff certainly had a right in his own name and for his own account to sue for that portion which is applicable to the constructing, setting, etc., of the engine.

Judgment appealed from affirmed, with costs.

CONLAN and O'DWYER, JJ., concur.

Judgment affirmed, with costs.