(20 Misc. Rep. 407.)

### WELSH v. REINHARDT et al.

(City Court of New York, General Term. May 29, 1897.)

1. PARTIES—REAL PARTY IN INTEREST—TRUSTEE.
    Under a contract whereby plaintiff agrees, in his own name, to furnish to defendant a certain engine, and to construct the piping and foundation therefor for an entire sum, such engine to remain the property of a certain corporation until paid for, plaintiff is the trustee of an express trust for such corporation, and may sue for the contract price in his own name.

2. SAME—INDIVISIBLE CONTRACTS.
    A right of action by plaintiff in his own name is given by the fact that the contract is indivisible, and the construction work is for his own benefit

Appeal from trial term.

Action by Thomas H. Welsh against Reinhardt & Co. From a judgment on a verdict for plaintiff, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

J. C. Rosenbaum, for appellant.

Franklin Pierce, for respondent.

SCHUCHMAN, J. This is an appeal from the judgment entered herein, on the verdict of a jury, and from an order denying the defendant's motion for a new trial on the judge's minutes. The complaint alleges that on the 11th day of March, 1895, the plaintiff, under the name of the New York Gas-Engine Company, and the defendant entered into a written agreement, whereby the plaintiff agreed to fur-

nish and erect, complete, in the defendant's place of business, in the city of New York, one 30 horse power Springfield gas engine, including the self-starting device, and a suitable brick foundation for engine, and all gas, water, and exhaust piping necessary to complete the job, and to leave the engine in running order ready for the driving belt, for the sum of $1,085, to be paid by the defendant in full after 60 days from the completion of the contract; that the defendant agreed to pay the sum of said $1,085 for said engine and construction; that plaintiff performed all the conditions on his part to be performed by said contract, and prays judgment for said sum. Said written contract contains the following clause:

"It is also agreed and understood that the above thirty horse power engine is to remain the property of the Springfield Gas-Engine Company until paid for in full, and is not to be sold, mortgaged, or removed without their entire consent and approval."

The defendant, in its answer, admits all the allegations of the complaint contained in the first, second, and third paragraphs, and denies those contained in the fourth and fifth paragraphs of the said complaint, and sets up an affirmative defense as follows: First. A false representation on the part of the plaintiff that the engine would consume only 17 cubic feet of gas per hour for each horse power, when in truth and in fact it consumed more than that amount. Second. That the defendant was to have 60 days in which to make a test of the engine, and see if it corresponded with the plaintiff's statements and warranties before acceptance. Third. That the plaintiff is not a party in interest. Fourth. A breach of the warranty that the engine was a 30 horse power engine. The issues thus raised were litigated upon the trial, and were by the trial judge, in his charge, fairly and most favorably to the defendant, submitted to the jury, who found a verdict in favor of the plaintiff.

The sole question on this appeal raised by the defendant and appellant in his points is "that the plaintiff is not the real party in interest," and, at the close of the case, he made a motion for a dismissal of the complaint on that ground, and, the same being denied, he excepted thereto. The appellant maintains that said motion should have been granted, because the contract in itself contains the clause above mentioned, that the engine was and is to remain the property of the Springfield Gas-Engine Company; that the said Springfield Gas-Engine Company is the real party in interest; and that it alone had the legal capacity and right to sue on the contract in question. Considering, however, that this contract was made by the plaintiff in his own name, with the defendant; that the plaintiff furnished the gas engine and the construction in connection therewith, and performed all the conditions of the contract on his part to be performed, as found by the jury; and that the contract contains the clause that the said engine is to remain the property of the Springfield Gas-Engine Company,—the most that can be said is that the plaintiff is a trustee of an express trust, acting in behalf of a third party, and entered into a written express contract with the defendant in his own name, in trust for or in behalf of another; and this includes a person not only with whom, but one in whose name, a con-

tract is made for the benefit of another, and in such cases the plaintiff has the legal capacity to sue and recover in his own name.    Davis v. Reynolds, 48 How. Prac. 210, affirmed 5 Hun, 651; Poor v. Guilford, 10 N. Y. 273.

The defendant's apprehension that the Springfield Gas-Engine Company could also bring an action against the defendant on said contract, and recover, and thus expose the defendant to a double liability on but one cause of action, is untenable, because the present recovery would certainly be a good bar to such action, as the respondent herein is clearly acting within the scope of his authority in prosecuting this suit, and collecting the money for his principal.    Poor v. Guilford, supra.

We would also like to call attention to the fact that the contract sued on is an entire one, and includes not only the furnishing of the engine alleged to be the property of the Springfield Company, but also the construction, setting, etc., of the engine, which is contracted for by the plaintiff as and for his own account.    The contract is an indivisible one, and the plaintiff certainly had a right in his own name and for his own account to sue for that portion which is applicable to the constructing, setting, etc., of the engine.

Judgment appealed from affirmed, with costs.    All concur.