Mills *v.* Murry.

# Mills v. Murry.

1. PARTIES *to suits brought on choses in action.* The assignee of a chose in action is the proper and the only party who can maintain a suit thereon.

This was a petition in error to reverse a judgment rendered by the District Court for Douglas county, when Nebraska was a Territory. The facts fully appear in the opinion.

*J. M. Woolworth* and *C. H. Brown*, for plaintiff in error.

*A. J. Poppleton*, for defendant in error.

LAKE, J.

This cause was tried originally in the late Territorial District Court for Douglas county; and is brought here by proceedings in error to review the judgment of that court.

The plaintiff in error was the assignee of certain rents alleged to have accrued to one Ira Cook from the defendant, for the use and occupation of a lot in the city of Omaha. He brought this suit to recover a judgment therefor.

Upon the trial testimony was introduced showing the occupation of the premises by the defendant, the rental value thereof during his occupancy, and the assignment of the rents so accrued by Cook to the plaintiff.

The plaintiff also offered further testimony tending to prove a written assignment of said rents to himself by Cook. This was objected to by the defendant, who at the same time moved the court to exclude from the jury all testimony which had been given relative to the occupation of said lot by the defendant under Cook, the value of the use of the same, and the assignment of his claim for rent by Cook to the plaintiff, on the ground that by the law,

MILLS v. MURRY.

the plaintiff could not maintain an action therefor in his own name. The court sustained the objection and excluded the testimony for the reason stated, and the jury returned a verdict for the defendant. A motion for a new trial was subsequently made by the plaintiff because of the alleged errors of law in excluding said testimony, which was over-: ruled and judgment entered on the verdict, to reverse which the case is brought here.

There is but one question presented in the record for this court to decide. Is a chose in action assignable under our law so as to vest in the assignee a right to maintain an action therefor in his own name ?

We had supposed that since the adoption of our present Code of Civil Procedure this was not an open question, and that the action could *only* be brought by and in the name of the assignee, the person beneficially interested therein, save in certain excepted cases. Section 29 of the Code of Civil Procedure provides that, " every action must be prosecuted in the name of the real party in interest, except as· otherwise provided in section thirty-two." But section thirty-two has no application to the case at bar. Similar provisions were incorporated in the Codes of Civil Practice of 1855 and 1857, and ever since the first organization of our courts it has been the uniform practice to bring suits on choses in action in the name of the assignee. Mills being the assignee of this claim for rent and the real party in interest, was entitled to bring the action for its recovery in his own name. It could not have been maintained in the name of Cook after the transfer of his interest therein by the assignment. The learned judge was evidently mistaken in his view of the law, and improperly excluded the plaintiff's testimony from the jury.

The judgment of the District Court is reversed and a trial *de novo* awarded.

Reversed and remanded.