GEORGE A. HOAGLAND, APPELLEE, v. EMMA L. VAN ETTEN, APPELLANT, AND ANDREW MOYER AND ABNER FRENCH.

1. **Parties:** The real party in interest under section 29 of the code is the person entitled to the avails of the suit.

2. ——: ASSIGNEE. A mere assignee having no interest in the result of the suit, but who obtains an assignment upon a promise to pay the assignor the amount he may derive from the action, is not the real party in interest under section 29, and cannot maintain the action.

3.  **Mechanic's Lien:** DEFENSE.  While the owner ·of a build-
    ing is liable to material men and laborers under our mechanic's
    lien law, for material furnished or labor performed for a con-
    tractor on such building, yet, as a different rule prevails for
    asserting such lien, the owner may plead as a defense the fact
    that the labor or material was furnished to a contractor and that
    no lien has been obtained.

APPEAL from the district court of Douglas county.
Heard below before WAKELEY, J.

*David Van Etten,* for appellant, cited : Sec. 29, code.
*Baldwin v. Wheeler,* 50 Iowa, 46.  Dicey on Parties, 14,
522, 527, 532.

*Warren Switzler,* for appellee George A. Hoagland,
cited :  Pomeroy Remedial Rights, Sec. 132, and cases
cited.

MAXWELL, CH. J.

· This is an action to foreclose a mechanic's lien upon cer-
tain real estate described in the petition, owned by Mrs.
Van Etten ; Moyer claims for material furnished to one
Hayden, a contractor in the erection of the defendant Van
Etten's dwelling, and French is a senior mortgagee.   The
amount claimed to be due the plaintiff for material furnished
by him is the sum of $803.76, with interest.  He also
claims there is due him the sum of $17.07 upon the account
of one Andrew L. Wiggins, and the sum of $18.87 on the
account of Harvey S. Nutting.  He further claims to be
due him the sum of $86 on the account of Ruton Gsanter
& Co., and on the account of Nich. Spellman the sum of
$72, and $24 on the account of one Wm. Klatt; $13.87
on the account of Hans Tams; $28.82 on the account of
Jacob New ; $30.05 on the account of Sullivan Bros.;
$163.12 on the account of Sidney D. Crawford; $40.87
on the account of John Liibbe; $48 on the account of

Abner C. Smilley; $21.41 on the account of N. J. Sander; $58.83 on the account of James Morton & Son; $213 on the account of Henry A. Kosters. The plaintiff also alleges "that he owns the above claims against said last named defendant, and they are all past due, and demand has been made on the said defendant for payment, and payment thereof was refused and no part of any of said claims has been paid."

The defendant in her answer denies that the plaintiff owns the claims above set forth, and alleges that the plaintiff is not the real party in interest. On the trial the court instructed the jury: "It will not be necessary for you to determine whether the assignment was valid or not; but you will allow the amount due, if anything, on each particular claim the same as if sued on by the original party, and subject to the same defenses, if any, regardless of the alleged assignment."

It is conceded that the assignments were merely formal to enable the plaintiff to bring the action for all, and that he is not the real party in interest. In justification of this course, the plaintiff's attorney cites Pomeroy on Remedial Rights and Remedies, section 132. In all the cases cited by Mr. Pomeroy in support of his proposition, except two, the plaintiff had an interest in the proceeds resulting from the suit. It was not a case of an entire want of interest, but merely a defect of parties plaintiff. In such case it is well known that if one of the proper parties brings an action and no objection is made for defect of parties, he may maintain the action although others should be brought in, as where a debt is assigned as collateral security for a less sum than the value of the debt, the assignee may maintain an action on the security although the assignor having an interest in the surplus would be a proper party.

Section 29 of the code provides that, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 32."

In *Mills v. Murray*, 1 Neb., 327, it was held that the assignee or actual owner of a chose in action is the proper and only party who can maintain a suit thereon. This doctrine was affirmed in *Seymour v. Street*, 5 Neb., 93, *Hickland v. Nebraska City National Bank*, 8 Neb., 463. The language of the statute is plain and unambiguous, " Every action *must* be prosecuted in the name of the real party in interest, except," etc. This case is not within any of the exceptions named, and therefore must be considered with reference solely to section 29. If a party having no interest in the subject-matter of the suit, who holds simply as assignee, and is to deliver to his assignor the proceeds of the action, may maintain an action on such an assignment, then section 29 has no meaning whatever. We do not care to enter into a discussion of the propriety, or impropriety, of requiring actions to be brought in the name of the real party in interest. The statute contains a plain provision which this court has no authority to disregard. We hold, therefore, that an assignee having no interest in the result of the suit, and not entitled to any portion of the proceeds thereof, is not entitled under section 29 to maintain an action as the real party in interest. Where a number of persons hold mechanics' liens against certain real estate, such persons may and should be brought before the court, as among such lienholders there is no priority, but each lien should stand upon its own separate facts, in order that issue may be taken thereon.

The first answer filed by the defendant was to a great extent stricken out on motion. An amended answer was thereupon filed, the sixth and seventh counts of which were stricken out, and the sustaining of such motion is now assigned for error. Said counts are as follows: " Said defendant, for a further defense in said action, alleges the facts to be that on or about the 10th day of September, 1883, she contracted with one David I. Hayden, a contractor and carpenter and joiner, in said city of Omaha,

by a duly written, signed, executed, and delivered contract (a copy of which is hereto attached, marked 'Exhibit A,' and hereby made a part of this answer), and that by virtue of said contract, of which each and every one of said parties had knowledge, said Hayden agreed to and with said defendant, for certain and specified sums of money to be paid as in said contract specified, amounting in all to the sum of $975, of which no payment was required until forty-five days after the completion and acceptance of said work specified, and then not to exceed twenty dollars per month without interest until due, with forbearance of ninety days after any payment became due before action or foreclosure of lien could be instituted, and of nine months after decree and termination of action before said property could be advertised for sale thereunder, and other conditions of payment as in said contract specified, to construct and erect for said defendant, as in said contract specified, two certain and specified additions to her house on said lot, and to furnish all the labor, skill, mechanism, and materials for said work and building, and to do and perform other work on said lot and furnish the materials for the same as in said contract specified, and that whatever materials, services, and labor said plaintiff and either, any, or all of said named parties furnished and supplied for said work and building and appurtenances, if any, were furnished and supplied to the said Hayden, under and by virtue of the said contract of which they each and all had knowledge before furnishing or doing anything whatsoever upon the same, and they each and all so intended and furnished nothing whatsoever to said defendant, and did nothing whatsoever for her or at her instance and request, as they each and all well knew and so intended.

" That in pursuance of said contract by and between said Hayden and said defendant, said Hayden commenced said work and employed one Nich. Spellman to do and perform the brick work specified in said contract, and he,

Spellman, to furnish all the labor and materials for the same as said Hayden's contractor, being the sub-contractor of said work; that said Spellman as said sub-contractor agreed to and with said Hayden to do and construct said brick work, furnishing all the materials and labor for the same as in said original contract specified, for the sum of $11 per thousand laid in the wall finished and completed, to apply on an indebtedness of the said Spellman to the said Hayden, and commenced to do the same, but failed entirely to complete said work, doing but a very small part of the same, and what he did do he did in violation of said contract, and in such a shabby, worthless manner, and used such poor and worthless material that portions of his said work fell down, and said defendant was obliged to re-build the same, after failure and notice to said Spellman and the said Hayden, and that said Spellman's work as aforesaid was of no value whatever, but on the contrary was a damage to said building and cannot be repaired without removing the same and rebuilding, damaging said defendant more than $500, and said Hayden and said Spellman have neither of them repaired said damage or any part of it, notwithstanding they each had full knowledge and information and were notified by defendant of the same, and that said work and materials furnished were in violation of said contract."

There are doubtless allegations in these counts which are immaterial, and probably had a proper motion been filed could have been stricken out, but a party is entitled to set up all the defenses he may have to an action. If where a defense is set up that material was furnished to a contractor for the erection of a building for the defendant, while the contract between the contractor and the person erecting the building will not prevent a recovery in a proper case for material furnished or labor performed upon the structure, yet the time in which the lien is to be filed is limited to sixty days, while if the contract is made with the

owner the person claiming the lien has four months in which to file the same. The allegation in the petition as to the date of filing the several liens assigned to the plaintiff is in blank. A party is entitled to have a case submitted to a jury upon his theory, provided that the answer, if taken as true, would constitute a defense to the action and there is testimony tending to support the answer. As there must be a new trial in this case and many of the facts are practically conceded, as that the defendant, Mrs. Van Etten, is the owner of the lot in controversy, it would seem to be unnecessary to introduce a number of the voluminous records used on the hearing of the case; but this is a matter within the control of the trial court.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.