Hoagland v. Van Etten.

GEORGE A. HOAGLAND, APPELLEE, v. EMMA L. VAN ETTEN, IMPLEADED, ETC., APPELLANT.

1. **Parties.** Section 29 of the code is but a statutory enactment of the rule which has prevailed in courts of equity, that an action must be brought in the name of the party beneficially interested in the subject-matter. A mere assignment of a claim, therefore, where the proceeds of the suit are to be paid to the assignor, will not entitle the assignee to maintain the action. He must possess the beneficial interest.

2. ————: ASSIGNMENT OF REAL PARTY IN INTEREST. Where a claim has been assigned to a plaintiff, and he thereby acquires the legal title, but not the beneficial interest, the court may, where it will be in furtherance of justice, upon payment of costs, permit him to acquire the beneficial interest and proceed with the action.

3. The **Transcript** of the trial court, duly certified by the clerk, will alone be recognized by this court as to all matters which are properly of record in that court.

MOTION for rehearing of case reported 22 Neb., 681.

*Warren Switzler*, for the motion, cited: Bliss Code Pleading, Sec. 51. 1 Nash Pleading, 38. Maxwell Pl. and Pr., 22, and cases cited.

MAXWELL, J.

The plaintiff has filed a motion for rehearing, upon the ground, first, that the plaintiff can maintain the action upon the claims assigned to him, although he is not the actual owner thereof, but merely holds the legal title; and it is claimed that if the assignment should be held to be void, the mechanic's lien would thereby be divested and such claims lost. It is alleged that section 29 of the code is complied with if the plaintiff has a mere naked assignment of the claim, although he is not the party beneficially interested. To this we cannot give our assent. At com-

mon law an action was required to be brought by a party to the contract, even though he had parted with his entire interest in it by assignment. Courts of equity, however, not only recognized the right of the assignee to bring the action, but absolutely required him to do so. If the assignee was but a nominal owner he could not sue, but the action must be brought by the real party in interest. *Rogers v. Traders Ins. Co.*, 6 Paige Ch., 583. *Field v. Maghee*, 5 Id., 539. 1 Van Santvoord's Eq. Pr., 72. An exception was made where the assignee held a nominal interest as trustee. Storey's Eq. Pl., 115*n*. It is unnecessary in this connection to notice the exceptions to the general rule above stated, as in the case of executors and administrators, trustees of an express trust, and persons expressly authorized by statute to sue without joining the person for whose benefit the action is brought; but with these exceptions the rule, that every action must be prosecuted in the name of the real party in interest, is but a statutory enactment of the rule respecting parties which has always prevailed in courts of equity, and which such courts deemed best adapted to advance the ends of justice. *Grinnell v. Schmidt*, 2 Sandf., 706. *Hollenbeck v. Van Valkenburg*, 5 How. Pr., 284. *Wallace v. Eaton*, 5 How. Pr., 100. *Brownson v. Gifford*, 8 How. Pr., 395. Report of Com., pp. 123, 124. The framers of the code, therefore, having adopted the equity rule as to the party plaintiff, thereby required the action to be brought in the name of the real party in interest—the party entitled to the fruits of the action, the beneficial claimant. The rule contended for by the plaintiff would have the effect to expunge section 29 of the code from the statute. We adhere to our former decision, that the action must be brought in the name of the real party in interest. It is apparent, however, that if the action as to the assigned claims is dismissed and the plaintiff required to make the owners of such claims defendants, that the lien of such claims would

thereby be lost, as the action would not be brought within the time required by the statute.    To preserve such liens, therefore, being in futherance of justice, the plaintiff will be permitted within thirty days from this date to acquire all the interest of his assignors in said claims, thereby joining the legal and equitable rights of said assignors and making the plaintiff the absolute owner of all their rights in the premises, the amendment when made to take effect from the bringing of the action.    The plaintiff, as a condition of making such amendment, to pay all costs which have accrued in court by reason of said assigned claims.

The plaintiff's attorney contends that an amended answer covering the points spoken of in the former opinion will be found on page 352 of the record.    This court, in deciding the question, took the transcript as certified by the clerk of the district court as being correct, and upon that we must base our action.    If papers are improperly inserted in the bill of exceptions it is the duty of the attorneys in the case to see that they are stricken out before the bill is signed, but as to all matters which are properly of record in the trial court, a transcript duly certified by the clerk of that court will be recognized as legal evidence of the facts therein contained.    The motion for rehearing is denied.

MOTION DENIED.

THE other judges concur.