GEORGE A. HOAGLAND, APPELLEE, v. EMMA L. VAN ETTEN ET AL., APPELLANTS.

[FILED JANUARY 27, 1891.]

1. Amendment: COSTS. One H. was permitted to file an amended petition upon payment of costs. He paid a large amount of costs and filed an amended petition on which the case was tried and a decree rendered. *Held*, That as the court below had deemed the order of the court as to payment of costs satisfied by trying the cause and rendering a decree, if more costs were still due, the remedy of the defendant was a motion to retax, and that should additional costs still be due from the plaintiff it would not be cause for the reversal of the judgment.

2. Mechanics' Liens: ASSIGNMENT: FORECLOSURE. One H. brought an action to foreclose a mechanic's lien and there being a number of small liens against the same property they were assigned to him and an action brought thereon in his own name. *Held*, That as the assignment of such liens was in the interest of economy not only on behalf of the lien-holders but also on behalf of the defendant, therefore an order of the court continuing such liens in force and permitting the plaintiff to acquire the beneficial interest as well as the legal title would be sustained.

3. Review. Where the proof is conflicting and of such a character as to leave it uncertain what the facts are, the finding of the trial court ordinarily will not be disturbed.

4. ———. The judgment is in conformity to the proof and there is no material error in the record.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*D. Van Etten*, for appellant.

*Switzler & McIntosh*, contra.

MAXWELL, J.

This is an action to foreclose a mechanic's lien. On the trial of the cause the court rendered a decree as follows:

"This cause came on to be heard heretofore during this

term, and 'both parties appearing by counsel, and a jury being in open court waived, the case was tried to the court, and after the introduction of the evidence on behalf of the parties and argument of counsel, the same was taken under advisement, and upon consideration of all the pleadings and evidence in the case and arguments of counsel, the court finds on the issues joined in favor of the plaintiff that there is due the plaintiff in this case on his individual account set forth in his petition the sum of $1,061.79, and that on the 16th day of February, 1884, the plaintiff made an account in writing of the items set forth in said petition, and after having the same properly sworn to, filed the same in the county clerk's office of Douglas county, on the day last aforesaid, and within sixty days from the time of the furnishing of said material, and the same is duly recorded therein; that for the purposes of securing a lien, and within the intent and meaning of sec. 1 of the mechanic's lien act, all the said material was furnished to defendant Emma L. Van Etten by virtue of an express agreement, and that her husband, David Van Etten, was her authorized agent in the premises; that for the material furnished after November 8, 1883, the defendant Emma L. Van Etten is personally liable; that the statement sworn to and filed as above stated is a mechanic's lien upon the dwelling house on the following described premises, and on the land itself, and its appurtenances, and upon the interest of Emma L. Van Etten in and to the same, that is to say, all that piece or parcel of land commencing at a point on the south side of Harney street, eighty-one feet west of the west line of C. W. Keyes's land, running west forty feet, thence south one hundred and twenty feet, thence east forty feet, thence north one hundred and twenty feet to the place of beginning, and being located on the south side of Harney street, on lot nine, Capitol addition to the city of Omaha, and that the plaintiff is entitled to have said lien enforced; that of said material $495.27 thereof was delivered on or before

Hoagland v. Van Etten.

November 8, 1883, and $308.49 thereof was delivered
after said date, and for the last named amount a personal
judgment is decreed and adjudged against the defendant
Emma L. Van Etten, with interest from February 16,
1884; that material and labor in the following sums and
amounts were furnished to the defendant Mrs. Emma L.
Van Etten by the parties named, and were used by her in
the construction of said building on said premises, to-wit:

| | |
|---|---:|
| James Morton & Son | $58 83 |
| Sidney D. Crawford | 163 12 |
| William Klatt | 24 00 |
| Hans Tams | 13 87 |
| Jacob New | 28 82 |
| John Libbie | 40 87 |
| Abner C. Swilley | 48 00 |
| Nels J. Sonder | 21 41 |
| Andrew L. Wiggins | 17 07 |

"That material of the value of $86 was furnished by An-
ton Gsantner & Co. to Nicholas Spellman as subcon-
tractor for David I. Hayden, which was used in construct-
ing said building, and that defendant Moyer furnished to
David I. Hayden, contractor, material for use in said build-
ing, for which there is a balance due of $30.15; that each
of said above named parties, within sixty days from the
furnishing of said material and labor, caused a proper
sworn statement of the items thereof to be filed of record
with the county clerk of Douglas county, and the same are
duly recorded therein, and said statements are mechanics'
liens upon the property described above, and that this
plaintiff became and is the owner of said claims (except
that of Moyer) and liens by virtue of having bought the
same by complying with the authority given by the su-
preme court, and is entitled to have said liens enforced.
That there is due the plaintiff on the same the face of said
claims with interest to September 17, 1888, being in the
following sums, viz.:

| | | |
|---|---:|---:|
| On lien of Morton & Son | $77 | 55 |
| On lien of S. D. Crawford | 215 | 96 |
| On lien of Wm. Klatt | 31 | 91 |
| On lien of Hans Tams | 18 | 45 |
| On lien of Jacob New | 38 | 33 |
| On lien of John Libbie | 54 | 34 |
| On lien of Abner C. Swilley | 62 | 99 |
| On lien of N. J. Sonder | 28 | 23 |
| On lien of A. L. Wiggins | 22 | 85 |
| On lien of Anton Gsanter & Co | 105 | 37 |
| There is also due on his individual lien | 1,061 | 79 |
| Being a total of | $1,717 | 77 |

"Which includes interest up to September 17, 1888 ; that of the claims assigned to this plaintiff the material and labor represented in the following were furnished direct to the defendant Emma L. Van Etten, and a personal judgment against her is here entered for same, to-wit:

| | | |
|---|---:|---:|
| Morton & Son | $77 | 55 |
| Crawford | 215 | 96 |
| Klatt | 31 | 91 |
| Tams | 18 | 45 |
| New | 38 | 33 |
| Libbie | 54 | 34 |
| Swilley | 62 | 99 |
| Sonder | 28 | 23 |
| Wiggins | 22 | 85 |
| A total of | $550 | 61 |

"That as to the liens of Harvey Nutting and Sullivan Brothers, there was no sufficient proof to sustain the same that David I. Hayden under the issues and proofs in this case was not a necessary party.

"The court finds in favor of the defendant Moyer and against the defendant Emma L. Van Etten, and that there is due said Moyer on the account set forth in his answer

the sum of $40.62, which includes interest to September 17, 1888, and that within sixty days from the furnishing of said material said defendant Moyer caused to be made a proper account in writing of items of said material, and, after having the same sworn to according to law within said sixty days, filed the same in the office of the county clerk of Douglas county, and the same is duly recorded therein, and is a mechanic's lien upon the property heretofore described in this decree, and he is entitled to have the same enforced.

"The court overrules the motion of said defendant Emma L. Van Etten made orally upon the trial of this action to dismiss the same as to defendants Abner French and Egbert E. French, executor, to which said defendant Van Etten excepts, and the court finds that the lien of the mortgage pleaded by said defendants French and French is the first lien upon the premises in question and is prior to the other liens herein mentioned and adjusted; that there is due the plaintiff for the expenses of recording the liens mentioned herein the sum of $13.15, with interest from April 1, 1884, being a total of $18.15.

"It is therefore considered by the court that the plaintiff recover from the defendant Emma L. Van Etten the sum of $956, and that he has a mechanic's lien on the property herein described for the total sum of $1,735.92, and his costs herein expended, taxed at $——, and that in case said sum of $1,735.92 and costs is not paid within twenty days from the entry of this judgment and decree, together with the sum found due Moyer, to-wit, $40.62, that an order issue to the sheriff of Douglas county, commanding him to sell said premises as upon execution, and apply the proceeds thereof in payment of the amount so found due the plaintiff and defendant Moyer upon the confirmation of said sale. This decree to draw interest at seven per cent from September 17, 1888."

This case was before this court in 1887, the opinion be-

ing reported 22 Neb., 681.    A motion for a rehearing was afterwards filed on behalf of the plaintiff and the decree modified.    The case is reported 23 Neb., 462 *et seq.*    In that case the court, after noticing the various exceptions to the rule, that an action must be brought in the name of the party in interest, says (pp. 463, 464): " With these exceptions the rule that every action must be prosecuted in the name of the real party in interest, is but a statutory enactment of the rule respecting parties which has always prevailed in courts of equity, and which such courts deemed best adapted to advance the ends of justice. (*Grinnell v. Schmidt*, 2 Sandf., 706 ; *Hollenbeck v. Van Valkenburg*, 5 How. Pr., 284; *Wallace v. Eaton*, Id., 100 ; *Brownson v. Gifford*, 8 Id., 395 ; Report of Com., pp. 123, 124.)   The framers of the Code, therefore, having adopted the equity rule as to the party plaintiff, thereby required the action to be brought in the name of the real party in interest— the party entitled to the fruits of the action, the beneficial claimant.    The rule contended for by the plaintiff would have the effect to expunge section 29 of the Code from the statute.

" We adhere to our former decision, that the action must be brought in the name of the real party in interest.    It is apparent, however, that if the action as to the assigned claims is dismissed and the plaintiff required to make the owners of such claims defendants, that the lien of such claims would thereby be lost, as the action would not be brought within the time required by the statute.    To preserve such liens, therefore, being in furtherance of justice, the plaintiff will be permitted within thirty days from this date to acquire all the interest of his assignors in said claims, thereby joining the legal and equitable rights of said assignors and making the plaintiff the absolute owner of all their rights in the premises, the amendment when made to take effect from the bringing of the action; the plaintiff, as a condition of making such amendment, to pay

all costs which have accrued in court by reason of said assigned claims."

The amendment to the petition was made in conformity to the foregoing order of the court.

Some objection is made in the defendant's brief, that the costs were not paid as required, as a condition of making the amendment. A very large amount of costs was paid and the court below seems to have considered that the order of this court in that regard had been complied with, and in the absence of a more definite showing than we have in this record we must hold that the court below did not err in that regard. If, however, it should be made to appear that the plaintiff is still liable for some of the costs which accrued before the filing of the amended petition, a motion to retax is the proper remedy.

It is evident, however, that there has been a substantial compliance with the order of the court, and even if it should be found on motion to retax that the plaintiff was still liable for additional costs, it will not defeat the action. There is no error, therefore, in not requiring the payment of additional costs as a condition of filing the amended petition.

One of the principal points relied upon by the defendant is in permitting the plaintiff to acquire the equitable as well as the legal title to the claims assigned to him. This objection should have been made after the modification of the judgment in the former case and the attention of the court called to the objectionable decision then. No objection was made to that order at the time, and the plaintiff complied with it and paid a large amount of costs in compliance with its terms, and it is now too late to raise the objection. Aside from this, the order itself is right. These parties had performed labor and furnished material in the erection of a dwelling for the defendant. They had taken the necessary steps to perfect a mechanic's lien upon the property and had thereby acquired an interest therein.

Many of these claims were for small amounts, which, if brought as separate actions, would have mulcted the defendant in a large amount of costs in each case, while the expenses would have practically reduced the claims to a small amount for each creditor.   In the interest of economy, therefore, not only in behalf of the plaintiff, but the defendant as well, the claims were assigned to the plaintiff and he was authorized to assert not only his own rights in the premises, but the rights of other lien-holders against the property.   As to the other creditors, he was in fact a trustee, and it is possible the action might have been sustained on that ground, although that is not clear.   The court, however, required him to acquire the equitable as well as the legal interest in the liens and proceed with the prosecution of the action.   The action had already been commenced to enforce the liens, and the court required him to become the actual as well as the ostensible owner of the same.

The mechanic's lien law is a remedial statute and is to be liberally construed in furtherance of justice.   There is considerable complaint on behalf of the defendant that the material and workmanship were of poor quality ; that considerable was charged to her which was not furnished, and that a considerable number of charges were made on the orders of one Hayden, for which she is not liable.

Whatever the facts may be the testimony is of such a character that the court cannot say that the court below erred in its findings and judgment.   So far as we can judge the court below carefully examined the testimony, gave all parts of it due consideration, and rendered a judgment in conformity to the proof.   No material error has been pointed out in the record and the judgment is

AFFIRMED.

THE other judges concur.