H. M. HENLEY V. THOMAS EVANS ET AL.

FILED MARCH 17, 1898.   NO. 7950.

1. **Bill of Exceptions:** AUTHENTICATION.   A bill of exceptions not authenticated by the certificate of the clerk of the trial court will not be examined and considered in the supreme court.

2. **Assignment:** ACTION BY ASSIGNEE: PARTIES. It is proper matter of defense that plaintiff, the alleged assignee of the claim in suit, is not the owner thereof or the real party in interest.

ERROR from the district court of Boone county.   Tried below before THOMPSON, J.  *Affirmed.*

*H. C. Vail,* for plaintiff in error.

*M. W. McGan, contra.*

HARRISON, C. J.

The plaintiff herein instituted suit in the district court of Boone county to recover an alleged amount of the rents, issues, and profits of certain designated real estate, which it was pleaded the defendants had unlawfully converted to their own use. The plaintiff's right to recover in the action was asserted as assignee of the claim to the rents, etc., of the land. Of the issues joined there was a trial, which resulted favorably to the defendants, and the cause is presented to this court by an error proceeding on the part of the plaintiff in the action.

The document in the record styled the bill of exceptions wholly lacks the necessary authentication of the clerk of the trial court, without which it cannot be examined or considered in this court for any purpose. (*Romberg v. Fokken,* 47 Neb. 198; *Sparck v. Dean,* 49 Neb. 66.) Without a proper bill of exceptions there is but one of the points argued in the brief of plaintiff in error which is open to examination and decision, that of the sufficiency of the allegations of defendant's answer to raise or present a forceful issue. In the answer there was a denial

of the assignment of the cause of action to the plaintiff and an allegation, in effect, that the plaintiff was not a real party in interest and was without ownership or interest in the subject of the suit. If proof of this was produced, the plaintiff would necessarily have been adjudged powerless to maintain the action. This was proper, available matter of defense. (See *Hoagland v. Van Etten,* 22 Neb. 681, 23 Neb. 462, 31 Neb. 292.) It follows that the judgment must be

AFFIRMED.