WESTERN CORNICE & MANUFACTURING WORKS V.
MAX MEYER.

FILED JUNE 23, 1898. No. 8211.

1. **Amendment of Pleadings.** An amendment to conform a pleading to facts proved or sought to be proved, when it will substantially change the claim or cause of action, is not allowable.

2. **Issues on Appeal.** Causes on appeal to the district court must be tried on the same issues as were presented in the court from which appealed.

3. ———: AMENDMENT OF PLEADINGS. If in an appeal to the district court from the judgment of a justice of the peace the bill of particulars filed before the justice and the petition filed in the appellate court declare on an account for the plaintiff as the original creditor, the latter may not, during trial, be amended to show that the plaintiff claims by assignment or transfer of the account, as this would substantially change the cause of action and also present different issues than were of the litigation in the inferior court.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*F. W. Fitch,* for plaintiff in error.

*L. F. Crofoot, contra.*

HARRISON, C. J.

The plaintiff commenced this action before a justice of the peace in Douglas county, and alleged in the bill of particulars that the defendant, and others impleaded as defendants, and each of them, were "indebted to the plaintiff for work, labor, and material furnished at defendant's special instance and request" in a stated sum. The plaintiff was successful, and the cause was appealed to the district court, where, in the petition filed, the asserted cause of action was set forth in the same language as in the inferior court. Of some portions there were somewhat more specific statements, and the account was pleaded in itemized form. For the defendant in error there was filed a general denial. There were answers for others of defendants, but we need not further notice them, for as to all of them, except Max Meyer, the defendant in error, the case was before trial, on motion of plaintiff, dismissed.

At the time of or during the trial in the district court it became apparent that the plaintiff was not the owner of the account in suit as the original creditor, but claimed by or through an assignment or transfer thereof from the "Western Cornice Works, C. Specht, proprietor;" and for the plaintiff there was a motion that he be allowed to amend the petition so that it would declare on the account in favor of the plaintiff as assignee of the account, or owner thereof by transfer from the business concern which had performed the labor and furnished the material as shown in the account in suit. This motion the court overruled, or refused to allow the amendment; also excluded evidence of the assign-

ment or transfer of the account, and at the close of the evidence for plaintiff (the trial was to the court, a jury had been waived) dismissed the action for the reason that the plaintiff had failed to prove the cause stated in the petition.

In error proceedings to this court the plaintiff urges that the trial court erred in the refusal to allow the petition to be amended, also in the exclusion of the evidence of the change of ownership of the account, and in the resultant judgment of dismissal. To recover on the account as assignee or owner thereof by transfer or change of right and title from the original creditor to it the plaintiff must have pleaded and proved the assignment, transfer, or change. It was an issuable fact, without plea or proof of which the plaintiff could not succeed. (*Henley v. Evans*, 54 Neb. 187; *Hoagland v. Van Etten*, 22 Neb. 681, 23 Neb. 462, 31 Neb. 292.) That the court did not permit the petition to be amended as requested was not improper. To have allowed the amendment would have made elemental of the cause of action the plaintiff's right to recover by virtue of the transfer to it of another's right. The suit, as amended, would not have been, as commenced, one to recover for work done, etc., by the plaintiff, but would have been to recover because for a consideration the plaintiff had succeeded to the right of another party; this would have been a substantial change in the cause of action, hence the amendment was not allowable; it would have been the substitution of a different pleading. (*Clarke v. Omaha & S. W. R. Co.*, 5 Neb. 319; *Dietz v. City Nat. Bank of Hastings*, 42 Neb. 584; *Harrington v. Wilson*, 74 N. W. Rep. [S. Dak.] 1055.) Further than this, to have permitted the partition to be changed in the manner proposed would have presented different issues for trial in the district or appellate court than were tried in the court in which the action was instituted. This may not be done. Causes must be tried on appeal to the district court on the same issues as in the court from which appealed. (*Darner v. Daggett*, 35 Neb.

695; *Spurgin v. Thompson*, 37 Neb. 39; *Lee v. Walker*, 35 Neb. 689; *Bishop v. Stevens*, 31 Neb. 786; *Fuller v. Schroeder*, 20 Neb. 636.)

The petition, by fair construction, was a declaration on an account in favor of the plaintiff as the original creditor. It is evident from the tenor of the motion of plaintiff's counsel to amend it that he so construed and considered it, and as no assignment or transfer of the account was pleaded, evidence of either was properly excluded; and had it been received and a judgment for plaintiff rendered thereon, when viewed in connection with the petition, the judgment must have been set aside as unsupported by the petition. (*Thompson v. Stetson*, 15 Neb. 112.) The judgment of the district court was right and must be

AFFIRMED.