SARAH STRAWN, EXECUTRIX, ET AL., APPELLANTS, V. FIRST NATIONAL BANK OF HUMBOLDT, APPELLEE.

FILED OCTOBER 18, 1906. No. 14,431.

Action: MISJOINDER. In an action by several plaintiffs against a bank for an accounting on certificates of deposit, where it is evident from the petition that assignments of fractional parts of the separate demands have been made by each plaintiff to his co-plaintiffs, and that the interest of each in the total sum is equal to the amount of the certificate originally held by him, and that the purpose of such assignments was to enable them to join in a single action, *held* that a demurrer for misjoinder of causes of action was properly sustained.

APPEAL from the district court for Richardson county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*R. S. Maloney* and *Reavis & Reavis,* for appellants.

*Francis Martin* and *Edwin Falloon, contra.*

JACKSON, C.

It appears from the petition that each plaintiff had a time check drawn on the defendant bank by one Samuelson, and that each check represented an independent and distinct transaction in nowise connected with the issuing of the other checks. It is alleged that the checks are in fact certificates of deposit upon which the bank is liable. Each of the plaintiffs assigned a fractional part of his claim to his coplaintiffs, but it is conceded that the interest now claimed by each in the sum of the checks equals the amount of the check held by him in the first instance. They joined as plaintiffs in an action against the bank to recover on these checks. The defendant interposed a demurrer to the petition on two grounds: First, that the petition does not state facts sufficient to constitute a cause of action; and second, that several causes of action are improperly joined. The demurrer was sustained in the district court and the action dismissed. The plaintiffs appeal.

Each plaintiff claims an interest in all of the checks or certificates of deposit, whatever they may be termed, and it is urged that, while their rights arising under the partial assignments would not be enforced in an action at law without the consent of the bank, a court of equity will take cognizance of these assignments and compel an accounting. In the absence of the assignments set out in the petition the plaintiffs could not have joined either at law or in equity in a single action against the bank, and it is evident from the face of the petition that the partial assignments were made for the express purpose of enabling

them to join in a single action, each for his own benefit and on behalf of the others, but equity will not sustain assignments for that purpose. *Hoagland v. Van Etten*, 22 Neb. 681. We are convinced from a reading of the petition that the assignment of fractional parts of the claims of the plaintiffs against the bank has not changed the relation of the parties and has resulted in a misjoinder of causes of action.

The judgment of the district court dismissing the bill was right, and we recommend that it be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.