FREDERICK H. ARCHER, PLAINTIFF, APPELLANT, V. G. MEREDITH MUSICK, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF G. MEREDITH MUSICK, ARCHITECT-ENGINEER, DEFENDANT, APPELLEE.

25 N. W. 2d 908

FILED JANUARY 31, 1947. No. 32067.

*S. L. O'Brien* and *Charles A. Fisher,* for appellant.

*Mitchell & Gantz, Donald E. Williams,* and *Bert E. Church,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Upon reconsideration, after argument of motion for rehearing, the court has concluded that its former majority opinion, reported *ante* p. 344, 23 N. W. 2d 323, should be and hereby is vacated and set aside.

Plaintiff brought the action against his former employer, defendant G. Meredith Musick, doing business as G. Meredith Musick, Architect-Engineer. His petition, as amended and supplemented, contained 40 causes of action, and sought to recover unpaid overtime compensation, together with liquidated damages, attorney's fees, and costs for himself

and as assignee of 39 like claims of other employees of defendant, engaged in similar employment, on account of services performed by each in excess of 40 hours per week under similar contracts of employment which were all allegedly controlled by Title 29, sections 201 to 219, inclusive, U. S. C. A., known as the Fair Labor Standards Act of 1938.

Defendant demurred to plaintiff's petition, upon the grounds that there was: (1) A defect of parties plaintiff; (2) a misjoinder of causes of action; and, (3) generally that the petition failed to state a cause of action. The demurrer was sustained upon the first two grounds, whereupon plaintiff filed a motion requesting leave to file separate petitions for each of his causes of action and have them docketed separately. The motion was denied, after which the trial court dismissed the 39 causes of action assigned to plaintiff. He appealed therefrom to this court, assigning substantially that: (1) The trial court erred in sustaining the demurrer, and (2) erred in refusing to permit plaintiff to file separate petitions for each of his causes of action and have them docketed separately. We conclude that the trial court erred in sustaining the demurrer and dismissing the 39 causes of action assigned to plaintiff, which of necessity obviates any discussion of the second assignment of error.

Defendant concedes in his brief that "The issue in this proceeding is solely one relating to practice and procedure in connection with the remedy." Therefore, in this opinion we will devote out attention solely to the question whether plaintiff's petition discloses a defect of parties plaintiff, or a misjoinder of causes of action, since otherwise it concededly states facts sufficient to constitute a cause of action in favor of plaintiff and against defendant.

For that purpose, we will first review the allegations of plaintiff's petition. The first cause of action recites substantially as follows: That defendant, on April 27, 1942, and thereafter during plaintiff's employment, was an archi-

tect-engineer, engaged in commerce and the production of goods for commerce at the Alliance Air Support Transport Glider Station in Box Butte County, Nebraska, and in Provo, South Dakota. On or about May 26, 1942, defendant orally employed plaintiff as a guard at Alliance in safeguarding, checking, and performing other designated duties in connection with trucks and other described property, supplies, and materials of defendant, which were used in commerce and for the production of goods for commerce. Plaintiff was to receive as compensation therefor $1,620 per annum for 2,000 working hours, or $30.75 per week for 40 working hours. He was so employed by defendant for a designated period of time, during which he alleged that he worked 192 hours overtime, for which he was entitled under the Fair Labor Standards Act, allegedly controlling his relationship with defendant, to receive one and one-half times the regular rate, all of which was due and unpaid by defendant, making him liable therefor, together with an equal amount as liquidated damages, plus reasonable attorney's fees and costs, for which plaintiff prayed judgment.

The other 39 causes of action assigned to plaintiff were each drawn upon the same theory with similar applicable allegations, each of which sought from defendant like relief as assignee of like claims of others employed by defendant at or about the same time, at the same place, in employment similar to that of plaintiff. The petition also alleged that "plaintiff brings this action for and in behalf of himself and every employee whose claim has been assigned to him and who is similarly situated, and this assignment is for the purpose of collection only as provided for in Fair Labor Standards Act, Title 29, Section 216, Sub Section B, U. S. C. A. Annotated." The separate assignments to plaintiff, which were made a part of plaintiff's petition, assigned each respective claim to him without reservation and constituted, appointed, and authorized him for his sole use and benefit: "* * * to ask, collect, demand, sue for, in his own name and right, receive, compound and

give acquittances for said claim or claims, or any part thereof."

One of defendant's contentions in his demurrer was that there was a defect of parties plaintiff, because plaintiff sued in his own right and as assignee of the 39 other claims, which constituted a misjoinder of parties plaintiff. However, it is clear that technically there could not be a misjoinder of parties plaintiff, because there was but one plaintiff. The first question presented, then, is whether there was a defect of parties plaintiff.

The authority to maintain such an action in any court of competent jurisdiction is contained in Title 29, section 216, sub-section (b), U. S. C. A., which provides: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

With relation thereto, it is the rule that when an action is brought in a state court to enforce a right arising under a federal statute, its jurisdiction must be invoked in conformity with local law, and the action is governed by the state rules of practice and procedure as to all matters pertaining to the remedy. Rockwood v. The Crown Laundry Co., 352 Mo. 561, 178 S. W. 2d 440; Minneapolis & St. Louis R. R. Co. v. Bombolis, 241 U. S. 211, 36 S. Ct. 595, 60 L. Ed. 961.

For decision, then, we must rely upon the rules of practice and procedure in this state. At the outset, we should point out that this is not technically a class action within the purview of section 25-319, R. S. 1943, which provides that "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Clearly, the allegations of plaintiff's petition do not premise his action upon any such theory or bring it in any manner within the purview of the above quoted statute. 39 Am. Jur., Parties, § 53, p. 926. Thus directly that statute is of no avail to plaintiff and, as a matter of course, whether such an action could or could not be maintained as a class action we are not called upon to decide.

There are, however, other applicable statutes which not only permit plaintiff to maintain the action but also to unite all of the causes of action in one action. They are sections 25-301, 25-303, 25-304, 25-701, and 25-702, R. S. 1943. Section 25-301 provides: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 25-304." Section 25-304 provides: "An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, *or a person expressly authorized by statute,* may bring an action without joining with him the person for whose benefit it is prosecuted. * * * *and assignees of choses in action assigned for the purpose of collection,* may sue on any claim assigned in writing, but such assignee shall be required to furnish security for costs as in the case of nonresident plaintiffs." (Italics ours.)

It will be noted that there are two applicable exceptions to section 25-301 contained in section 25-304 which permit plaintiff to maintain the action. Concededly, he was an assignee in writing of the 39 choses in action for the purpose of collection and defendant makes no objection here that plaintiff failed to provide security for costs. On the other

hand, it is apparent that plaintiff was also a person expressly authorized by statute to maintain the action by virtue of section 25-304, the very statute which created his right to maintain it as assignee for the purpose of collection.

Since, as heretofore observed, plaintiff without doubt was a proper party and had authority to separately maintain his own cause of action and as an assignee for collection and a person expressly authorized by statute, was a proper party and had authority to separately maintain each of the other 39 causes of action, there was of necessity no defect of parties plaintiff. A fortiori, we have remaining only the question whether there was a misjoinder of causes of action when plaintiff united all of them as separate causes of action in one action.

To determine that question, we turn again to applicable statutes. Plaintiff claims the right to unite all of the causes of action in one action by virtue of section 25-701, which provides: "The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in any of the following classes: (1) The same transaction or transactions connected with the same subject of action; (2) contracts, express or implied; * * *." However, that section is limited by virtue of section 25-702, which provides: "The causes of action so united must affect all the parties to the action, and not require different places of trial." That the limitation of the latter section applies to all the parties, i. e., to parties plaintiff as well as defendant, there can be no question.

Defendant argues that the limitation of section 25-702 upon section 25-701, prohibits a joinder of the causes of action for the reason that the causes so united would not affect all the parties to the action. His theory in that regard is that plaintiff, as assignee for collection, was not the real party in interest, but that the real parties in interest were the assignors respectively of the 39 causes of action who are the owners of the beneficial interest. In

that connection, we call attention to the fact that Rockwood v. The Crown Laundry Company, *supra,* relied upon by defendant, is clearly distinguishable upon the facts. In that case, the plaintiff was not a designated agent or assignee of the other claims and did not prosecute the action as such.

It is true that Hoagland v. Van Etten, 22 Neb. 681, 35 N. W. 869, decided in 1888, supports defendant's argument, but there are other considerations which must now be taken into account in determining whether it is decisive of the case at bar. It will be noted that sections 25-301 and 25-304, R. S. 1943, are respectively sections 29 and 32 of the Code of Civil Procedure. Plaintiff brought that action to foreclose a mechanic's lien for material furnished by him personally in the erection of a home for defendant owner, and mechanics' liens for material furnished by several others on the same project, whose claims were formally assigned to plaintiff for the admitted purpose of enabling him to bring the action for the benefit of all. In that opinion the court concluded that plaintiff as assignee for that purpose was not the real party in interest, as required by section 29 of the Code of Civil Procedure, and since the case did not by reference come within any exception contained in section 32, he could not maintain the action. Thereupon, the case was reversed and remanded for further proceedings. Upon rehearing, reported 23 Neb. 462, 36 N. W. 755, the court adhered to its former decision that plaintiff as assignee of the legal title only, was governed solely by section 29, under which he could not be found to be the real party in interest. Nevertheless, the court modified its former opinion in furtherance of justice, thereby permitting plaintiff to acquire all interest of the assignors, beneficial as well as legal, within 30 days, to enable him to maintain the action and avoid the statute of limitations. Plaintiff thereafter so acquired all the interest of the others and the case was tried on the merits. The plaintiff recovered and an appeal was taken to this court. The opinion,

affirming that judgment but quoting from the former opinions, is reported 31 Neb. 292, 47 N. W. 920. We call attention to the fact, at this point, that plaintiff was permitted ultimately to maintain the action upon the claims assigned to him as well as his own, and recover upon them in the same action.

In connection with the three latter cases, we must bear in mind that they were all decided before the exception: "* * * and assignees of choses in action assigned for the purpose of collection, may sue on any claim assigned in writing" was placed in the statute by amendment to section 32. See Laws 1913, ch. 166, § 1, p. 510. In the light of that subsequent amendment and other authorities, hereinafter discussed, which tend to promote and expedite the efficient administration of justice, we conclude that the three opinions in Hoagland v. Van Etten, *supra,* insofar as they are in conflict with this opinion, should be overruled since they no longer correctly reflect the law of this state.

Our own decisions of later date sustain that conclusion by analogy. Section 25-303, R. S. 1943, specifically provides that "An action by the assignee of a thing in action shall be without prejudice to any counterclaim or defense existing between the original parties; * * *." In State ex.rel. Sorensen v. Nemaha County Bank, 124 Neb. 883, 248 N. W. 650, decided in 1933, this court approved and applied the following statement: " 'In ascertaining whether the plaintiff is the real party in interest, the primary and fundamental test to be applied is whether the prosecution of the action will save the defendant from further harassment or vexation at the hands of other claimants to the same demand. If the defendant is not cut off from any just defense, offset, or counterclaim against the demand and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end.' 2 Bancroft, Code Practice and Remedies, 1094."

That case is authority for the conclusion drawn therefrom that a "trustee of an express trust," "a person ex-

pressly authorized by statute," and "officers," exceptions employed in section 25-304, "must be deemed to denote the real parties in interest in the sense that a judgment in their behalf will fully protect the defendant sued by them, when discharged, and also, irrespective of the results thereof, will render such judicial proceeding binding and effective in all respects." See, also, Meeker v. Waldron, 62 Neb. 689, 87 N. W. 539; and Huddleson v. Polk, 70 Neb. 483, 97 N. W. 624, affirmed on rehearing in 70 Neb. 489, 100 N. W. 802, and 70 Neb. 492, 102 N. W. 464. By a parity of reasoning, from the above authorities we conclude that "assignees of choses in action assigned for the purpose of collection" are also similarly the real parties in interest and authorized to maintain actions thereon as such.

That conclusion is supported by almost unanimous authority from other jurisdictions. In Pomeroy's Code Remedies, (5th Ed.), § 70, p. 106, it is said: "Analogous to the subject discussed in the preceding paragraph is the question whether an assignee, to whom a thing in action has been transferred by an assignment which is absolute in its terms, so as to vest in him the entire legal title, but which, by means of a contemporaneous and collateral agreement, is, in fact, rendered conditional or partial, is the real party in interest. It is now settled by a great preponderance of authority, although there is some conflict, that if the assignment, whether written or verbal, of anything in action is absolute in its terms, so that by virtue thereof the entire apparent legal title vests in the assignee, any contemporaneous collateral agreement by virtue of which he is to receive a part only of the proceeds, 'and is to account to the assignor or other person for the residue, or even is to thus account for the whole proceeds, or by virtue of which the absolute transfer is made conditional upon the fact of recovery, or by which his title is in any other similar manner partial or conditional,' does not render him any the less the real party in interest; he is entitled to sue in his own name, whatever collateral arrangements have been made between

him and the assignor respecting the proceeds. The debtor is completely protected by the assignment, and cannot be exposed to a second action brought by any of the parties, either the assignor or other, to whom the assignee is bound to account. This is the settled doctrine in most of the States." See, also, 39 Am. Jur., Parties, § 17, p. 872; 6 C. J. S., Assignments, § 94, p. 1151, § 125, p. 1178; 47 C. J., Parties § 70, p. 34, and § 71, p. 35; 5 C. J., Assignments, § 144, p. 958, § 198, p. 994, and § 200, p. 995; 4 Am. Jur., Assignments, § 123, p. 328.

Having concluded that plaintiff was a proper party and the real party in interest in all the causes of action, we call attention to the fact that it has been held in many cases that there could be no impropriety in joining a cause of action held by plaintiff in his own right with others of appropriate classification acquired by assignment. 1 C. J. S., Actions, § 97, p. 1281. See, also, Sroufe v. Soto Bros. & Co., 5 Ariz. 10, 43 P. 221; Mosher v. Bellas, 33 Ariz. 147, 264 P. 468; United Verde Extension Mining Co. v. Ralston, 37 Ariz. 554, 296 P. 262; Nierman v. White's Motor Parts, Inc., 269 Mich. 608, 257 N. W. 751; Sullivan v. Fidelity & Casualty Co. of New York, 208 Mich. 68, 175 N. W. 397, affirmed on rehearing 210 Mich. 625, 178 N. W. 39. In that regard, Strawn v. First National Bank of Humbolt, 77 Neb. 414, 109 N. W. 384, decided in 1906, relied upon by defendant, is distinguishable from the case at bar for two reasons. First, it was predicated primarily upon Hoagland v. Van Etten, *supra*. Second, the several plaintiffs each having distinct claims against another arising out of separate contracts, each made only a partial assignment thereof to the others without actually changing the relation of the parties, for the express purpose of enabling the plaintiffs to join in a single action against the defendant, which the court held resulted in a misjoinder of causes of action.

The legal titles to the causes of action in the case at bar were all fully assigned to one plaintiff. They all involve express employment contracts of the same character. The

contracts were each and all alleged to have been made and violated by the same defendant, with employees who were required to perform similar duties for defendant at the same place at or about the same time. It would seem clear to us, therefore, that this action comes squarely within section 25-701, R. S. 1943, which permits plaintiff to unite several causes of action in the same petition when they are included in the classification of contracts, express or implied.

Further, without doubt plaintiff's several causes of action were also "transactions connected with the same subject of action." Therefore, they may be united in one action for that reason, as specifically provided in section 25-701, R. S. 1943. They all involved a primary right of recovery solely by reason of the alleged violation by one defendant of a federal statute, which if the employees came within the purview of the act, was an intregal part of each of the similar contracts involved. True, the causes of action did not arise out of the same transaction. They could be joined in one action if they arose out of the same transaction, but that is not necessarily required because they may be joined if they arose our of different "transactions connected with the same subject of action." A "transaction" is whatever may be done by one person which affects another's rights, and out of which a cause of action may arise. "Subject of action" is not synonymous with but broader than the term "cause of action." The meaning of "subject of action" and its application in all types of cases is ably and comprehensively discussed in McArthur v. Moffett, 143 Wis. 564, 128 N. W. 445, 33 L. R. A. N. S., 264, wherein the courts' conclusions are supported by many eminent authorities. See, also, 1 C. J., Actions, § 41, p. 946; 1 C. J. S., Actions, § 1 (i), p. 959. While concededly the authorities are somewhat at variance concerning the proper meaning and application of the words for particular purposes, they generally concede that any definition to be both accurate and sufficiently general for all purposes must contain as its basic

and fundamental element *plaintiff's primary right which has been invaded* and that in cases where tangible property is not involved, such element is the whole "subject of action." In the light thereof, we find that the "subject of action" in cases similar to the one at bar is the plaintiff employees' alleged primary right to recover unpaid overtime compensation, liquidated damages, attorney's fees, and costs, by reason of defendant employer's alleged violation of the federal statute.

It is now recognized that the leading principle in a modern system of procedure is the avoidance of a multiplicity of suits, and the settlement in one action of all the respective claims of all parties when they are of such nature as to admit of adjustment in that mode. The courts, when confronted with permissive joinder of causes of action, now recognize that they must exercise a wise judicial discretion and construe such statutory provisions liberally, remembering that they are remedial in nature, the dominant idea being that courts should permit the joinder of causes of action where there is some substantial unity between them. In so doing, courts should endeavor to make such statutes as effectual as possible to promote and expedite the administration of justice, thereby preserving economy and efficiency in courts whenever it is possible to do so without prejudice to the rights of litigants. 1 C. J., Actions, § 239, p. 1082; 1 C. J. S., Actions, § 77, p. 1222; 1 Am. Jur., Actions, § 77, p. 465, § 84, p. 470.

The procedural statutes of this state do not require this court to hold that there should be 40 different trials in cases like the one at bar. Applicable questions of law are primarily identical, and one trial can lawfully dispose of all the causes of action with dispatch, economy, efficiency, and justice for the parties involved.

For the reasons heretofore stated, we conclude that defendant's demurrer should have been overruled. Therefore, the judgment of the trial court sustaining defendant's demurrer and dismissing the 39 causes of action assigned to

plaintiff, is reversed and remanded with directions to try all of plaintiff's causes of action in one action, in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER, J., dissenting.

I cannot agree with the latest majority opinion in this case. However, I do not wish to be misunderstood. I favor wherever possible and wherever legally permissible the joinder of causes of action in a single action. Such practice and procedure is desirable in the interest of expedition and it undoubtedly has the effect of reducing the cost of litigation, an end which should receive encouragement.

This end should not, however, be accomplished by a strained or unreasonable interpretation of legislative pronouncement. It appears to me that the majority opinion does just this.

In order to hold that the plaintiff herein was the real party in interest as to all of these causes of action it became necessary to say that an *assignee for the purpose of collection* was the real party in interest. This is violative of both reason and specific statutory declaration.

An assignee for the purpose of collection or suit is nothing more than an agent for that purpose and no legislature or court may change this situation. To say that he may be made anything else by legislative action or judicial pronouncement is to say that the residence of interests and rights concerning which there is no question is subject to the will of the legislature or the courts. This just cannot be true. I do not doubt the power of the Legislature to say that an assignee for collection for the purposes of suit may be deemed the real party in interest but the Legislature in this instance has not done so.

I concede that opposite views have been expressed, but fallacy in statement does not become truth, and no more does it become truth through repetition.

The majority opinion fails to give effect to the clear meaning of section 25-702, R. S. 1943, as follows: "The

causes of action so united must affect all the parties to the action, * * *."

Who can deny that the real parties to the assigned causes of action are the assignors thereof for collection? I would like to know how any one of the causes of action affects the holder of any other cause. I fail to see how such a showing can be made. In the absence of such a showing I submit that under the provisions of this statute there has been a misjoinder of causes of action and that the first opinion in this case should be adhered to.